﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181017-1535
DATE: March 18, 2019

ORDER

Entitlement to an effective date earlier than July 10, 2015, for the grant of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is denied.

Entitlement to an effective date earlier than July 10, 2015, for the grant of Dependents' Educational Assistance (DEA) benefits under Chapter 35, Title 38, of the United States Code, is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that a claim for TDIU was received prior to the July 10, 2015 claim.

2. Prior to July 10, 2015, a permanent and total disability rating was not in effect.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to July 10, 2015 for the grant of entitlement to a TDIU are not met. 38 U.S.C. § 1155, 5110; 38 C.F.R. §§ 3.341, 3.400, 4.1, 4.15, 4.16.

2. The criteria for an effective date prior to July 10, 2015 for entitlement to DEA benefits are not met. 38 U.S.C. §§ 1155, 3500, 3501, 5110; 38 C.F.R. §§ 3.1, 3.151, 3.340, 3.341, 3.400, 3.401.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks an effective date prior to July 10, 2015 for the award of TDIU and DEA chapter 35 benefits. He specifically argues that the effective date should be January 29, 2013. See November 2018 argument from Veteran’s representative.

This is an appeal of a February 2016 rating decision that granted TDIU with an effective date of December 21, 2015. A second decision in August 2018 granted the earlier effective date of July 10, 2015. In November 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). At that time, he elected to have his appeal decided by the Board based on evidence-submission within 90 days; with no hearing request. 

Effective Dates

The general rule with respect to the effective date of an award of increased compensation, such as TDIU, is that the effective date of award, “shall not be earlier than the date of receipt of the application thereof.” 38 U.S.C. § 5110 (a). The effective date for an award of increased compensation will be the date of receipt of claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400 (o)(1).

Specific to claims for increased disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if a claim is received by VA within one year after that date. Otherwise the effective date will be the date of receipt of claim or date entitlement arose, whichever is later. 38 U.S.C. § 5110 (b); 38 C.F.R. § 3.400 (o)(2).

1. Effective date earlier than July 10, 2015 for TDIU.

There is no argument that the proper effective date is earlier than January 29, 2013. There is no argument that it is factually ascertainable that an increase in disability occurred prior to January 29, 2013. The record is devoid of support for such a theory. 

Rather, this case turns on when the TDIU claim was received. It is not in dispute that the Veteran filed a claim for increased ratings on January 29, 2013 for disabilities that ultimately formed the bases for the finding of TDIU, nor that he was significantly occupationally limited prior to July 10, 2015. See December 2013 VA examination strongly suggests he was significantly functionally impaired in terms of work activity due to his service-connected neck and wrist disorders at that time. Nonetheless, his TDIU claim was received in December 2015, with a documented July 10, 2015 report of intent to file a claim with VA. Thus, as explained below, the preponderance of the evidence is against an earlier effective date for this claim. 

The Veteran filed his claim for increased ratings for cervical spine, left and right C-6 radiculopathies and left wrist disability on January 29, 2013. In a December 2013 rating decision, the RO increased the combined rating for these disabilities from 60 to 90 percent, effective January 29, 2013. The Veteran was informed of this decision in a December 2013 letter from the RO which also included an invitation to apply for a TDIU rating. A VA form 21-8940, TDIU application, was enclosed. While the increased rating claims were initially appealed, they are not currently on appeal, as they were withdrawn. 

A July 10, 2015 letter from the RO to the Veteran informs him that, on that date, VA received his intent to file a claim for benefits. 

On December 21, 2015, the Veteran submitted his signed VA form 21-8940 and supportive evidence. He asserted that he had not worked since 2008, and last worked full time in March 2004. He noted he was a state-licensed plumber for many years.

The RO granted TDIU and corresponding Chapter 35 benefits in a February 2016 rating decision, effective from December 21, 2015, the date of claim. The Veteran appealed and the RO revised the effective date to July 10, 2015, the documented intent to file date, in an August 2018 rating decision.

The laws with regard to TDIU include the following:

Total disability will be considered to exist when there is present any impairment of mind or body, which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age. 38 C.F.R. § 3.341. In evaluating total disability, full consideration must be given to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effects of combinations of disability. 38 C.F.R. § 4.15.

If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability, provided that he has one service-connected disability rated at 60 percent or higher; or two or more service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. 38 C.F.R. § 4.16 (a). For the purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. It is provided further that the existence or degree of non-service connected disabilities or previous unemployability status will be disregarded where the percentages referred to in this paragraph for the service-connected disability or disabilities are met and in the judgment of the rating agency such service-connected disabilities render the Veteran unemployable. 

Marginal employment shall not be considered substantially gainful employment. For purposes of 38 C.F.R. § 4.16, marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce as the poverty threshold for one person. Marginal employment may also be held to exist, on a facts found basis (includes but is not limited to employment in a protected environment such as a family business or sheltered workshop), when earned annual income exceeds the poverty threshold. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16 (a).

It is not in dispute that the Veteran met the schedular percentage requirements for TDIU as of the effective date sought, January 29, 2013. See 38 C.F.R. § 4.16 (a). That is, prior to the current effective date of July 10, 2015. 

However, the Board finds that an earlier effective date cannot be awarded. While the claim for increased rating was received January 29, 2013, that claim is not on appeal and the Veteran did not file his actual TDIU claim until December 2015, despite having been sent the form in January 2013 at the time of the award of the 90 percent rating. An effective date of July 10, 2015 is supported by the documentation of an intent to file a claim as of that date, within a year of the receipt of the actual VA form 21-8940 and supporting information. 

 

Here, the Board finds no TDIU claim prior to July 10, 2015. Applying the law to the facts, the effective date is the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if a claim is received by VA within one year after that date. Otherwise the effective date will be the date of receipt of claim or date entitlement arose, whichever is later. 38 U.S.C. § 5110 (b); 38 C.F.R. § 3.400 (o)(2). To the extent that an increase in disability occurred at any time in 2013, the effective date here must thus be the date of receipt of claim, in this case July 10, 2015.

Here, the AOJ recognized a potential for a benefit and invited the appellant to apply. The duty to assist is not a one-way street or a blind alley. The AOJ requested an application that would also contain evidence regarding his occupational history. Whether the case is viewed as an incomplete application, an abandoned claim or the date of receipt of a claim, the result is the same.

The preponderance of the evidence that there is no claim for TDIU prior to July 10, 2015. The Board concludes that an effective date prior to July 10, 2015 is denied. The benefit of the doubt doctrine is therefore not for application. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

2. Effective date earlier than July 10, 2015 for chapter 35 benefits.

The Veteran contends that he is entitled to an effective date prior to July 10, 2015 for DEA chapter 35 benefits. 

Basic eligibility for DEA exists if a veteran has a permanent, total service-connected disability. 38 U.S.C. §§ 3500, 3501. A total disability may be assigned where the veteran's service-connected disabilities are rated 100 percent disabling under the rating schedule, or if the veteran is unemployable due to service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341. Permanence of total disability will be taken to exist when such impairment is reasonably certain to continue throughout the life of the disabled person. 38 C.F.R. § 3.340 (b). 

In this case, the effective date for the award of DEA benefits is July 10, 2015, the same date as the award of TDIU. As discussed above, the Board finds that the Veteran is not entitled to an effective date prior to July 10, 2015 for the award of TDIU. DEA benefits may not be awarded prior to the effective date of an award of a permanent and total disability rating. Therefore, the Veteran is not entitled to an effective date earlier than July 10, 2015, for entitlement to DEA benefits. 38 U.S.C. §§ 3501, 3510.

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD N. Rippel, Counsel